<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| A.D.,<br><br>                    Plaintiff,<br><br>v.<br><br>AUBREY DRAKE GRAHAM *et al.*,<br><br>                    Defendants. | Civil Action No. 26-5464 (SDW) (JBC)<br><br>**WHEREAS OPINION**<br><br>June 11, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff A.D.'s Complaint ("Compl." (D.E. 1)), Application to Proceed *in forma pauperis* ("IFP Application" (D.E. 1-1)), Motion to Proceed by Pseudonym (D.E. 2), and Motion to Appoint Pro Bono Counsel (D.E. 3), and this Court having reviewed Plaintiff's submissions; and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff demonstrates that he or she is "unable to pay such fees."  28 U.S.C. § 1915(a)(1); and

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); and

1

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a motion to dismiss, a plaintiff must allege sufficient facts for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**WHEREAS** Plaintiff's IFP Application indicates that his total monthly income is $1000.00 and their total monthly expenses are around $60.00, including home maintenance and food. (*See generally* IFP Application.) This Court will therefore allow Plaintiff to proceed *in forma pauperis*. Further, the Complaint is dismissed for failure to state a claim, as it contains only vague, confusing factual allegations. (*See generally* Compl.)

**WHEREAS** district courts have authority to appoint counsel for indigent civil litigants. *See* § 1915(e)(1) ("[t]he court may request an attorney to represent any person unable to afford counsel"). Section 1915 provides district courts "broad discretion" in determining whether the appointment of counsel is warranted. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Before exercising that discretion, the court must first consider the merits of the claim. *Id.* at 155 (quoting *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)). Here, the Complaint does not allege sufficient facts for this Court to assess whether Plaintiff's claims have merit in law or fact. (*See generally* Compl.) Accordingly, Plaintiff's Motion to Appoint Pro Bono Counsel is denied.

**WHEREAS** to proceed by pseudonym, a party must demonstrate a reasonable fear of severe harm and that interest must outweigh the public's interest in open judicial proceedings. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citing *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008)). Potential embarrassment or economic harm is insufficient. *Id.* Here,

Plaintiff alleges they will be "exposed (maybe maliciously) to over 5 billion people, or more." (D.E. 2.)  Because the possibility that Plaintiff's identity may become publicly known does not establish a reasonable fear of severe harm, the Motion to Proceed by Pseudonym is denied.

Therefore, Plaintiff's IFP Application is **GRANTED**, and the Complaint, Motion to Appoint Pro Bono Counsel and Motion to Proceed by Pseudonym are **DENIED WITHOUT PREJUDICE**.  Plaintiff shall have thirty (30) days to amend their Complaint.  An appropriate order follows.

                                              /s/ Susan D. Wigenton
                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
          James B. Clark, U.S.M.J.